In the Matter of the Estate of GERTRUDE BROWN, Deceased.

No. 11977.
Submitted Nov. 23, 1970.
Decided Dec. 7, 1970.
477 P.2d 882.

Bolinger & Wellcome, Bozeman, Page Wellcome, argued, Bozeman, for petitioner.

George P. Sarsfield, argued, Butte, Thomas Kiely, appeared, Butte, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is a proceeding in the nature of supervisory control by this Court over separate probate proceedings in the Estate of Gertrude Brown, deceased, concurrently in progress in two different district courts of this state. This Court has assumed jurisdiction hereof pursuant to referral of this jurisdictional

dispute by the Honorable Victor H. Fall, the presiding judge of the estate proceedings in the district court of Gallatin County.

An order to show cause has heretofore been issued by this Court ordering the district courts of Silver Bow and Gallatin counties, respectively, to show cause in support of their exercise of jurisdiction over the estate of said decedent and staying further estate proceedings in both district courts until further order of this Court.

On the return day counsel for the respective district courts and for the respective administrators of the estate appointed by each appeared before this Court by answers, written briefs, and oral argument together with the district court files of each court in the probate proceedings therein. The matter was heard at this time and taken under advisement by this Court.

Two basic issues are presented to us in this proceeding:

(1) Which court has jurisdiction over administration of the estate of this decedent?

(2) What is the legal effect of the administration heretofore carried on by the other court?

Gertrude Brown died intestate on January 10, 1970, a resident of Gallatin County, Montana, leaving real and personal property therein. She left no surviving spouse, children, parents, sisters, or brothers. Three children of a predeceased sister survived her, none of whom were Montana residents: Dare B. Boulter, George Boulter, and Gretta Halleck. David C. Boulter, a grandnephew, who was a resident of Butte, Silver Bow County, Montana, also survived decedent.

David C. Boulter, the grandnephew, petitioned the district court of Silver Bow County for appointment as an administrator of the estate in cause No. 19868 of that court. On February 6, 1970 the district court of Silver Bow County issued letters of administration in the estate and appointed him administrator requiring a $50,000 administrator's bond. He qualified as

administrator the same day by taking the oath and posting the bond. Apparently there was some question as to whether the administrator qualified as an heir at law so as to be entitled to letters of administration. So by instrument dated July 14, 1970, Dare B. Boulter, an heir at law, nominated David C. Boulter ab initio as the administrator of the estate.

Notice to creditors was published in the Montana Standard, a daily newspaper in Butte, Montana, an inventory and appraisement was filed showing a gross estate appraised at about $58,500, an accounting was approved, attorneys were appointed for the nonresident heirs, creditors' claims were approved, an administrator's fee was fixed and paid, ordinary and extraordinary attorneys' fees were fixed and paid, and various other proceedings that need not be detailed herein were had in the administration of the estate in the district court of Silver Bow County.

On June 10, 1970, the public administrator of Gallatin County filed a petition for letters of administration to the same estate in the district court of Gallatin County in cause No. 5763 of that court. Thereafter on June 22, 1970, letters of administration were issued to him fixing a $39,000 administrator's bond. He qualified on the same date. Notice to creditors was ordered published in the Bozeman Daily Chronicle, a daily newspaper, published in Bozeman, Gallatin County, Montana.

On July 24, 1970 the public administrator of Gallatin County served on David C. Boulter, the administrator appointed by the district court of Silver Bow County, a written demand that the latter deliver up to him all the assets of the estate for administration. Citation was issued on the same day, served on David C. Boulter, and made returnable in the district court of Gallatin County on July 27, 1970. A motion to quash the citation was filed in the Gallatin court by the Silver Bow administrator and the matter came on for hearing before the Hon. Nat Allen. the presiding judge in the Gallatin court following disqualification of the original judge.

On October 6, 1970 Judge Allen entered findings of fact, conclusions of law, and an order. Its substance was that the district court of Gallatin County has the sole and exclusive jurisdiction to administer the estate by reason of the decedent's residence there at the time of her death; that all proceedings in the district court of Silver Bow County were void and of no effect; and that the Silver Bow administrator reimburse the estate for the amount of administrator's and attorneys' fees improperly paid and deliver up all the assets of the estate to the Gallatin administrator for administration.

A motion for new trial was filed in the Gallatin court by the Silver Bow administrator on October 16, 1970, the presiding judge was contemporaneously disqualified, and the matter heard by the Hon. Victor H. Fall who was called in to preside.

In the meantime on October 15, 1970 the district court of Silver Bow County in the estate proceedings there, upon application of the Silver Bow administrator for advice, assistance, and a protective order, entered findings of fact, conclusions of law, and its order. The substance of the order required the Silver Bow administrator to proceed with the closing of the estate under its exclusive jurisdiction; declared Judge Allen's order of October 6, 1970 in the Gallatin court void; restrained and enjoined the Gallatin administrator from interfering with the Silver Bow administration; and ordered the Silver Bow administrator to refuse compliance with any demands or orders by the Gallatin administrator to deliver up the assets of the estate.

Thereafter Judge Fall, in the Gallatin proceedings, denied the Silver Bow administrator's motion for a new trial and requested this Court to assume jurisdiction of this dispute under its powers of supervisory control.

The initial question before this Court is whether the district court of Silver Bow County or the district court of Gallatin County has jurisdiction over administration of this estate. In our view it is important that this question not be

confused with the collateral question concerning which administrator has the preferential right to appointment which is irrelevant to the question of jurisdiction.

There can be but one answer to the question of jurisdiction over administration of this estate. Section 91-701, R.C.M. 1947, provides in pertinent part:

"*Jurisdiction of the court over the estate—when exercised.* Wills must be proved, and letters testamentary or of administration granted:

"1. In the county in which the decedent was a resident at the time of his death, in whatever place he may have died."

This statute is clear, unambiguous, and mandatory. It has previously been held by this Court that the probate court of the jurisdiction in which the decedent dies domiciled has exclusive jurisdiction to grant letters testamentary or letters of administration. In re Smith's Estate, 126 Mont. 558, 255 P.2d 687; also see In re Ingersol's Estate, 128 Mont. 230, 272 P.2d 1003. In the instant case it is undisputed that the decedent, Gertrude Brown, was a resident and domiciliary of Gallatin County at the time of her death. Accordingly, the district court of Gallatin County has sole and exclusive jurisdiction over the administration of her estate.

Were the statute to be interpreted as a permissive venue statute rather than a mandatory jurisdictional requirement, probate practices not in the public interest would be permissible. For example, it would open the door to shopping around for a favorable forum for the allowance of administrator's fees, attorneys' fees, and administration expenses. It would permit the required notice to creditors to be published in a newspaper in a locality far removed from where decedent's creditors are likely to see it. For these and similar public policy considerations we believe the legislature intended and did require that the administration of the estates of Montana residents be had in the county of their residence at the time of their death.

Proceeding to the second issue, we hold that under the circumstances disclosed in the instant case the purported administration of decedent's estate by the district court of Silver Bow County is void, of no effect, and subject to collateral as well as direct attack. In the instant case it is undisputed that decedent was a resident of Gallatin County at the time of her death. The district court of Silver Bow County, as well as the district court of Gallatin County, expressly so found and recited in its order for issuance of letters of administration and appointment of the administrator. Thus the issuance of letters of administration by the Silver Bow court is void on its face and therefore subject to collateral attack. The situation here presented must be carefully distinguished from one where residence is disputed, where an erroneous determination of residence is made by the court of first application, or where the fact of nonresidence in the county does not appear on the face of the order; in such cases a collateral attack on the proceedings is not permissible. See Banc.Prob.Prac.2d, § 36 and cases cited therein. The preferred procedure in any case, whether collateral attack is permissible or prohibited, is by petition for relief in the court of first application thereby avoiding direct conflicts between two district courts of equal dignity.

The findings of fact, conclusions of law, and order of Judge Nat Allen dated October 6, 1970 in cause No. 5763 of the district court of Gallatin County are affirmed except that the expired compliance date contained in paragraph II of said order is hereby reset to December 18, 1970. The order of the district court of Silver Bow County dated October 15, 1970 in cause No. 19868 is vacated and set aside. This cause is remanded to the district court of Gallatin County for further proceedings in the administration of the estate of Gertrude Brown, deceased. True copies hereof are to be served forthwith as directed by mailing to the presiding judges of the district courts involved, to the respective administrators in

both district courts and their attorneys, and to the bonding company issuing the administrator's bond to David C. Boulter through the Montana State Auditor and ex-officio insurance commissioner as provided by statute.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON and DALY, concur.